IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID SPICER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-1966-CFC/SRF |
| | ) | |
| CITY OF DOVER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

Pending before me are Plaintiff's objections (D.I. 27) to the Magistrate

Judge's Report and Recommendation issued on July 31, 2020 (D.I. 26).   The

Magistrate Judge recommended in her Report and Recommendation that I grant in

part and deny in part Defendants' partial motion to dismiss the First Amended

Complaint (D.I. 9).   I have reviewed the Report and Recommendation, the

objections, and Defendants' response (D.I. 28).

The Magistrate Judge had the authority to make her findings and

recommendation under 28 U.S.C. § 636(b)(1)(B).   I review her findings and

recommendations de novo.   § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3); *Brown*

*v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

## **Counts III and IV**

Plaintiff objects first to the Magistrate Judge's recommendation that I

dismiss without prejudice Counts III and IV of the Amended Complaint, both of which allege violations of 42 U.S.C. § 1981.

Count III reads in relevant part:

> 107.  Plaintiff was denied his rights under his contractual employment relationship with Defendant City of Dover that were enjoyed by similarly situated African American police officers.   Plaintiff was denied equal terms and conditions of employment.
>
> 108.  Plaintiff's race was a motivating factor in Defendant's [sic] decision to fail to promote Plaintiff to the Chief of Police position.
>
> 109.  Plaintiff's race was a motivating factor in Defendant's [sic] decision to fail to promote Plaintiff to the Deputy Chief position.
>
> 110.  Plaintiff's race was a motivating factor in Defendant's [sic] decision to fail to promote Plaintiff to the Deputy Chief position.
>
> 111.  The discriminatory actions of Defendants [sic] were intentional, willful and or reckless.

D.I. 5 at 15.   To be clear, the above-quoted text is accurately quoted.   Paragraphs 109 and 110 are in fact identical.   Paragraphs 108, 109 and 110 each refer to a singular "Defendant."   And paragraph 111 refers to unidentified "discriminatory action" of the plural "Defendants."

2

In Count IV, Plaintiff alleges that "[a]s a result of his complaints and due to his race, Defendants purposefully denied Plaintiff promotional opportunities." D.I. 5 at 16.

Section 1981 "prohibits racial discrimination in the making and enforcement of contracts and property transactions." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 796 (3d Cir. 2001). Under Third Circuit law, to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, a civil rights complaint must "state[ ] the conduct, time, place, and persons responsible" for the alleged civil rights violation. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

I agree with the Magistrate Judge's finding that Counts III and IV fail to meet the pleading standard articulated in *Evancho*. Neither count contains or incorporates by reference allegations that connect a particular defendant other than the City of Dover with an act of racial discrimination tied to a contract. Accordingly, I will adopt the Magistrate Judge's recommendation that Counts III and IV be dismissed without prejudice. *See Tani v. FPL/Next Era Energy*, No. CV 10-860-LPS, 2013 WL 3957710, at *2 (D. Del. July 29, 2013) (dismissing § 1981 claim where allegations underlying claim were "not directed to any individual Defendant").

3

## Count VI

Plaintiff next objects to the Magistrate Judge's recommendation that I dismiss with prejudice his claim for defamation set forth in Count VI of the Amended Complaint.   Plaintiff alleges in Count VI that Defendant Robin Christiansen, while serving as Mayor of Dover, "maliciously made false statements regarding Plaintiff's reputation to members of the public indicating Plaintiff was not qualified for the Chief of Police position."   D.I. 5 at 18.   Defendants argued, and the Magistrate Judge agreed, that dismissal of this claim is required because the challenged statement is a pure opinion and therefore, under *Riley v. Moyed*, 529 A.2d 248 (Del. 1987), not actionable for defamation under Delaware law.

Plaintiff argues that the Magistrate Judge erred in relying on *Riley*.   In his words, "the Magistrate Judge failed to consider more recent case law which came out after the *Riley* case which further discusses and sets forth case law explaining the difference between an opinion and an implied fact."   D.I. 27 at 5.   According to Plaintiff, "[t]he statements made by Mayor Christiansen that Plaintiff is 'not qualified' for the Chief of Police position, although may be found to be an opinion, implies the existence of undisclosed facts."   *Id*. at 6.

As an initial matter, the "more recent case law" cited by Plaintiff—i.e., *Kanaga v. Gannett Co.*, 687 A.2d 173 (Del. 1996) and *Milkovich v. Lorain Journal*

4

*Co.*, 497 U.S. 1 (1990)—did not overrule *Riley*.   Indeed, in *Kanaga*, the Delaware

Supreme Court expressly held that it was not "necessary to revisit the current

vitality of *Riley* in view of *Milkovich*" because "[a]s the *Riley* Court noted, a

statement of opinion would be actionable if it implies the allegation of undisclosed

defamatory facts as the basis for the opinion."   687 A.2d at 178–79.

        In any event, Plaintiff has not identified any undisclosed fact implicit in

Mayor Christiansen's "not qualified" opinion statement, let alone argued that an

implied undisclosed fact would be defamatory.   And I agree with the Magistrate

Judge's assessment that the Mayor's alleged statement is a pure opinion under the

four-part test set forth in *Riley*.   *See* D.I. 26 at 15.   Accordingly, I will adopt the

Magistrate Judge's recommendation that Count VI be dismissed.

**The Remaining Counts**

        The Magistrate Judge also recommended that I deny Defendants' motion to

dismiss Counts V and VIII and grant their motion to dismiss Defendant Hawkins

from the case.   Neither side objected to these recommendations; therefore, I will

adopt them.

        NOW THEREFORE, on this 10th day of September in 2020, IT IS

HEREBY ORDERED that:

1. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (D.I. 27) are OVERRULED;

2. The Report and Recommendation (D.I. 26) is ADOPTED;

3. Defendant's motion to dismiss (D.I. 9) is GRANTED IN PART AND DENIED IN PART; and

4. Counts III and IV of the First Amended Complaint (D.I. 5) are DISMISSED WITHOUT PREJUDICE.

5. Count VI of the First Amended Complaint (D.I. 5) is DISMISSED WITH PREJUDICE.

6. Defendant Hawkins is DISMISSED WITH PREJUDICE as a party.

_____
UNITED STATES DISTRICT JUDGE

6